IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHEERVONDA M. PRINCE,

        Plaintiff,

v.                                    Case No.  24-1166-JWB

PATRICK WALTERS,
DEPARTMENT OF CHILDREN
AND FAMILY SERVICES,
ST. FRANCIS, AND
EMBERHOPE CONNECTIONS,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on a February 11, 2025 Report and Recommendation ("R&R") by Magistrate Judge Birzer recommending dismissal of Plaintiff's pro se complaint for failing to state a claim upon which relief can be granted. (Doc. 7.) The R&R was sent to Plaintiff by regular mail on February 11, 2025.  However, the post office was unable to deliver the mail to Plaintiff, and it was returned to the court on March 24, 2025.  (Doc. 9.)  The court notes that this is not the first time the mail addressed to Plaintiff has been returned as undeliverable.  (*See* Doc. 5.)  The court mailed Plaintiff the notice of judicial assignment on September 18, 2025.  However, it was returned to the court on September 25, 2025.  (Doc. 5.)  The court has reviewed Magistrate Judge Birzer's R&R and finds that Plaintiff's complaint should be dismissed.

Typically, a plaintiff has 14 days from receipt of the R&R to file written objections to it.  *See* 28 U.S.C. § 636 (b); Fed. R. Civ. P. 72(b)(2). If she fails to timely file any objections, there is no appellate review of the recommended disposition under the Tenth Circuit's "firm waiver rule."

*Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005). Here, Plaintiff failed to timely object to the R&R because the mailing address she provided the court is incorrect.

Magistrate Judge Birzer is correct that Plaintiff's claims against Sedgwick County District Court Judge Patrick Walters should be dismissed pursuant to absolute judicial immunity and Eleventh Amendment immunity. If Plaintiff sought damages against Judge Walters in his personal capacity, then absolute judicial immunity bars her claim, and it is dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See Aragon v. Vander Dussen*, No. 223CV00674MISKRS, 2023 WL 8602874, at *3 (D.N.M. Dec. 12, 2023). If, however, Plaintiff sought damages against Judge Walters in an official capacity, then Eleventh Amendment immunity applies, and the court lacks subject matter jurisdiction to consider the claim. *See Allen v. Saint Francis Ministries*, No. 23-1166-DDC-GEB, 2024 WL 2831606, at *3 (D. Kan. June 4, 2024). Accordingly, the claim is dismissed under Fed. R. Civ. P. 12(b)(1). Likewise, Magistrate Judge Birzer correctly determined that the court lacks subject matter jurisdiction to consider Plaintiff's claim against the Department of Children and Families because of Eleventh Amendment immunity. Again, this claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff also had claims against St. Francis Ministries and EmberHope Connections concerning the removal of three children as to whom she had been granted informal guardianship. However, Plaintiff pleaded that there were state proceedings concerning the custody and care of those three children. She did not specify whether the state proceedings remained ongoing or had been completed. Thus, Magistrate Judge Birzer correctly noted that the court cannot consider these claims under either the *Younger* abstention doctrine or *Rooker-Feldman* doctrine. The court clarifies that if *Rooker-Feldman* applies, then the court does not have subject matter jurisdiction to consider the claims against St. Francis Ministries and EmberHope Connections and they would be dismissed according to Fed. R. Civ. P. 12(b)(1). *Bruce v. City &*

*Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir.). If the *Younger* abstention doctrine applies, then the court must abstain from exercising jurisdiction over Plaintiff's claims.[1] Lastly, Magistrate Judge Birzer was correct that Plaintiff's state law claims of defamation, libel, and slander warrant dismissal under Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted. The court finds no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b) advisory committee note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") Therefore, the court adopts the recommendation in the R&R to dismiss the complaint for the reasons stated herein.

**Conclusion**

The court ADOPTS Magistrate Judge Birzer's findings in her R&R (Doc. 7). It also adopts her reasoning and conclusions, as described herein. Plaintiff's complaint (Doc. 1) is hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED. Dated this 2 day of April, 2025.

/s/ Judge John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

---

[1] The claim would not be dismissed under either 12(b)(1) or (b)(6) because *Younger* is a doctrine of comity between federal and state courts where the federal court exercises abstention and refuses to interfere with an on-going state proceeding. *See Goings v. Sumner Cnty. Dist. Attorney's Off.*, 571 F. App'x 634, 639 n.4 (10th Cir. 2014).